| | |
|---|---|
| RICKY DEAN NORMAN, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>ERIK A. HOOKS, Secretary, N.C. )<br>Department of Public Safety, and )<br>State of North Carolina, )<br>)<br>Respondents. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Respondents' Motion for Summary Judgment. [Doc. 9].

**I.     BACKGROUND**

Ricky Dean Norman (the "Petitioner") is a prisoner of the State of North Carolina who was convicted by a Wilkes County Superior Court jury in August 2009 on two counts of second-degree murder, a count of driving while impaired, a count of failure to reduce speed to avoid an accident, and a count of exceeding the posted speed limit. State v. Norman, 213 N.C. App. 114, 132, 711 S.E.2d 849, 862 (2011).  On August 4, 2009, the Petitioner was sentenced to two consecutive terms of 200-249 months and a concurrent term of 12 months imprisonment.  On July 5, 2011, the North

Carolina Court of Appeals filed a published opinion finding no error in the trial court proceedings. Id. On November 9, 2011, the North Carolina Supreme Court denied the Petitioner's petition for discretionary review. State v. Norman, 365 N.C. 360, 718 S.E.2d 401 (2011).

On May 14, 2018, the Petitioner filed a Motion for Appropriate Relief ("MAR") in the Superior Court of Wilkes County. [Doc. 11-8]. On February 4, 2019, the Superior Court of Wilkes County denied the Petitioner's MAR. [11-10]. The Petitioner did not appeal the decision denying his MAR.

On May 20, 2019, the Petitioner, proceeding *pro se*, commenced this action in the United States District Court for the Eastern District of North Carolina by filing an "Ex-Parte Motion for an Investigator and to Suppress all Legal Determination" challenging his 2009 convictions. [Doc. 1]. On May 22, 2019, the Eastern District issued an order of deficiency because the Petitioner had not filed his petition using the proper forms and had not paid the filing fee or applied to proceed without prepayment of fees. [Doc. 3]. On June 12, 2019, the Petitioner paid the filing fee and properly filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. [Doc. 4].

On November 26, 2019, the Respondents filed an answer. [Doc. 8]. The Respondents also filed a motion for summary judgment arguing that the Petitioner's habeas petition is barred by the statute of limitations. [Doc. 9].

On January 3, 2020, the Petitioner filed a response to the Respondents' motion for summary judgment. [Doc. 16]. On February 18, 2020, the Eastern District determined that the Petitioner's was confined in the Western District of North Carolina and transferred this matter to this Court. [Doc. 19].

## II. STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "As the Supreme Court has observed, 'this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 519 (4th Cir. 2003) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986)).

A genuine issue of fact exists if a reasonable jury considering the evidence could return a verdict for the nonmoving party. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994). "Regardless of whether he may ultimately be responsible for proof and persuasion, the party seeking summary judgment bears an initial burden of demonstrating the absence of a genuine issue of

3

material fact." Bouchat, 346 F.3d at 522. If this showing is made, the burden then shifts to the non-moving party who must convince the Court that a triable issue does exist. Id.

In considering the facts on a motion for summary judgment, the Court will view the pleadings and material presented in the light most favorable to the nonmoving party. Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986).

## III. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The North Carolina Supreme Court denied the Petitioner's petition for discretionary review on November 9, 2011. State v. Norman, 365 N.C. 360, 718 S.E.2d 401 (2011). The Petitioner then had an additional 90 days to file a petition for a writ of certiorari in the United States Supreme Court. See Supreme Court Rule 13; Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). The Petitioner never filed a petition for a writ of certiorari in the United States Supreme Court. As such, the federal statute of limitations began to run on February 7, 2012. 28 U.S.C. § 2244(d)(1)(A); Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches . . . when the time for filing a certiorari petition expires.") (citations omitted). The statute of limitations then proceeded to run for 365 days until it fully expired on February 7, 2013, more than six years before the Petitioner filed the instant habeas Petition. The Petitioner's May 14, 2018, MAR neither tolled nor restarted the federal statute of limitations. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000) (recognizing that state applications for collateral review cannot revive an already expired federal limitations period) (citing 28 U.S.C. § 2244(d)(2)). As such, the Petitioner's habeas petition is time-barred under §

2244(d)(1)(A). The Petitioner does not appear to assert that any of the other exceptions in § 2244(d)(1) apply to his habeas petition. Accordingly, the Petitioner's petition is time-barred under § 2244(d)(1)(A) unless he can show that the statute of limitations is subject to equitable tolling.

Equitable tolling of a habeas petition is available only when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). Under Fourth Circuit precedent, equitable tolling is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted).

While the Petitioner asserts that he has been diligently pursuing his rights, he also claims that his efforts have been impaired because he is mildly mentally retarded, he has no lawyer, the "jailhouse lawyer" that helped him filed the habeas corpus petition was not knowledgeable in the law, and his imprisonment has "significantly impaired his ability to investigate the issues.

6

[Docs. 16 at 1-2; 16-1 at 1]. Even if those claims are true, they do not constitute an extraordinary circumstance that prevented the Petitioner from timely filing his habeas petition. An unrepresented petitioner's ignorance of the law is not recognized as an ""extraordinary circumstance" that justifies equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner," however, "ignorance of the law is not a basis for equitable tolling." (citing Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003)) ("[E]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."). Likewise, lack of representation does not excuse a failure to comply with the statute of limitations in § 2244. See Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999).

The Petitioner further argues that the statute of limitations should be tolled because the "Court held back [the] transcript" and his appellate counsel told him there was "not enough time to be able to file it." [Doc. 4 at 13]. The alleged inability to obtain a transcript, however, does not qualify as a justification for equitable tolling. See Johnson v. Hunt, No. 1:08CV20-03-MU, 2008 WL 624431, at *3 (W.D.N.C. Mar. 4, 2008) ("Petitioner's assertion that he had difficult[y] obtaining legal documents and filing post-conviction

7

motions to obtain copies of various legal documents, such as state court records, transcripts, discovery etc., do not toll.") (citation omitted).

The Petitioner also claims that that his trial counsel rendered ineffective assistance of counsel and that his post-conviction counsel did nothing to help him. [Doc. 4 at 14]. Neither of these assertions, however, establishes that the Petitioner diligently pursued his state post-conviction rights prior to the federal statute of limitations expiring on February 7, 2013.

Moreover, the Petitioner cannot assert that the rule in Martinez v. Ryan, 566 U.S. 1 (2012) applies to this case. In Martinez, the Supreme Court stated that:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was [constitutionally] ineffective.

Id. at 18. Martinez, however, "applies only to the issue of cause to excuse the procedural default of an ineffective assistance of trial counsel claim that occurred in a state collateral proceeding' and 'has no application to the operation or tolling of the § 2244(d) statute of limitations' for filing a § 2254 petition." Lambrix v. Sec'y, Florida Dep't of Corr., 756 F.3d 1246, 1249 (11th Cir. 2014). "Martinez, therefore, cannot serve to toll the statute of limitations

under § 2244(d)(1)(D)." Benfield v. Hunt, No. 5:16-CV-00203-FDW, 2018 WL 576347, at *3 (W.D.N.C. Jan. 26, 2018) (Whitney, C.J.). Moreover, "Martinez does not apply to claims that were properly presented and adjudicated on their merits in the state courts." Morgan v. Joyner, No. 1:09CV416, 2016 WL 4703977, at *15 (W.D.N.C. Sept. 7, 2016) (Whitney, C.J.) (citing Gray v. Zook, 806 F.3d 783, 789 (4th Cir. 2015)). The Petitioner's ineffective assistance of counsel claims against his trial counsel were adjudicated on the merits in his MAR. [Doc. 11-10].

The Petitioner has not cited any circumstance, extraordinary or otherwise, that stood in his way and prevented him from filing a § 2254 petition before the federal statute of limitations expired. As such, the Petitioner is not entitled to equitable tolling of the statute of limitations. Mays v. Hooks, No. 3:20-CV-00087-FDW, 2020 WL 739366, at *2 (W.D.N.C. Feb. 13, 2020) (Whitney, C.J.) (finding that the statute of limitations was not equitably tolled when a petitioner asserted that his trial attorney and post-conviction attorney rendered ineffective assistance.). Because the Petitioner is not entitled to equitable tolling, the habeas petition is untimely under §§ 2244(d)(1)(A). Accordingly, the petition will be dismissed.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not

9

made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Respondents' Motion for Summary Judgment [Doc. 9] is **GRANTED**, and the Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus [Doc. 4] is **DISMISSED** as untimely under 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED.**

Signed: June 9, 2020

Martin Reidinger
Chief United States District Judge